*Aguiar v. Williams*, No. 1042-12-18 Cncv (Toor, J., Aug. 21, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 1042-12-18 Cncv

---

Aguiar vs. Williams

---

## ENTRY REGARDING MOTION

Count 1, Access to Records (1042-12-18 Cncv)

Title:       Motion for Summary Judgment (Motion 4)
Filer:       David Williams
Attorney:    Kurt A. Kuehl
Filed Date:  April 30, 2019

Response filed on 07/15/2019 by Stephen Aguiar, Plaintiff
        Plaintiff's Opposition;
Response filed on 07/30/2019 by Attorney Kurt A. Kuehl for Defendant David Williams
        Defendant's Reply;

This is a conversion claim brought by a client against his former lawyer. Mr. Aguiar alleges that Attorney Williams has unlawfully refused to turn over the files related to a 2009 federal criminal case. Williams has filed a motion for summary judgment. Aguiar represents himself. Kurt Kuehl, Esq. represents Williams.

Findings of Fact

The relevant undisputed facts are that Williams previously gave Aguiar either paper or digital copies of much of his case file, with the exception of materials Williams obtained from the U.S. Attorney's Office subject to an agreement not to further distribute copies. A jail where Aguiar was housed destroyed some of the materials. Williams asserts that he provided a second copy; Aguiar agrees but denies that the second copy included everything Williams says it did. In responding to discovery in this case, Williams found

some additional documents that he had misplaced, and sent copies to Aguiar. Williams has also offered to allow Aguiar (who remains incarcerated) to send someone on his behalf to come to inspect the many boxes of original files. Aguiar alleges that (1) some of the materials were on an iPod which he alleges Williams took back, and (2) some correspondence in Williams' file was never provided.

Conclusions of Law

A lawyer has an obligation to allow the client to inspect and copy the lawyer's files relating to the client.[1] Restatement (Third) of the Law Governing Lawyers § 46(2) (2000). Here, Williams has done more than that, by first providing copies of most or all of the materials, then providing some or all of them a second time, and now offering to allow someone on Aguiar's behalf to review everything in his office. The only exception is the materials that Williams obtained pursuant to an agreement with the U.S. Attorney's Office not to further distribute them. Whether Aguiar liked that restriction or not, Williams is bound to honor it. Because of the agreement, "substantial grounds exist to refuse" to produce copies. Restatement, § 46 cmt. c ("A lawyer may deny a client's request to retrieve, inspect, or copy documents when compliance would violate the lawyer's duty to another."); Schmidt v. Kimberly-Clark Corp., No. 09-C-0643, 2013 WL 989829, at *3 (E.D. Wis. Mar. 13, 2013) (client not "entitled to copies of documents his attorneys received on condition that they would not disclose it to others.").

Aguiar seems to believe that he is entitled to the original files, but cites no authority for that proposition. To the contrary, generally "a copy will suffice." Restatement, § 46 cmt. d. While a lawyer must provide a former client with "such originals . . . as the client

---

[1] Some jurisdictions subscribe to a limited client right to the "end product" of the representation, while others subscribe to the "whole file" approach. Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P., 689 N.E.2d 879, 881-82 (N.Y. 1997). The Vermont Rules of Professional Conduct take no position on precisely what papers a client is entitled to. V.R.P.C. 1.16 (d). Williams apparently assumed that the "whole file" approach applies.

or former client reasonably needs"—such as originals of a will or deed—Aguiar alleges no reasonable need for any originals. Id. § 46(3).

Aguiar also seems to suggest that he is entitled to the iPod which he alleges Williams took back, because it was purchased with federal funds under the Criminal Justice Act appointment by which Williams was representing him. He cites no authority for this argument, and the court is aware of none.

<u>Order</u>

Williams' motion for summary judgment is granted.

Dated at Burlington this 20th day of August, 2019.

_____
Helen M. Toor
Superior Court Judge

<u>Notifications</u>:
Plaintiff Stephen Aguiar
Kurt A. Kuehl (ERN 4361), Attorney for Defendant David Williams

3